IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GRACIE REESE § | |
| § | |
| V. § | MISCELLANEOUS NO. G-10-mc-7040 |
| § | (Lead Case No. G-10-cv-450) |
| FIDELITY NATIONAL PROPERTY and § | |
| CASUALTY INSURANCE COMPANY § | |

### OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity). The Motion was filed on July 7, 2014, therefore, the response of Plaintiff, Gracie Reese, was due by July 28, 2014. As of the date of this Opinion and Order, no response has been filed and on Septmeber 2, 2014, counsel for Reese indicated that none would be forthcoming. As a result, the Court considers the Motion to be ripe for determination.

The absence of a response does not end the Court's inquiry. Even when the non-movant fails to respond to a Motion for Summary Judgment, a Court may not grant the summary judgment by default. Eversley v. MBank of Dallas, 843 F.2d 172, 174 (5th Cir. 1988) The Court, however, may accept the movant's evidence as undisputed. The Court must then determine whether the undisputed evidence has made a *prima facie* showing of the movant's entitlement to summary judgment. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988) (Where non-movant failed to submit affidavits,

disocvery items or even pleadings on dispositive matters, no genuine issue of material fact existed.)

The relevant summary judgment evidence submitted by Fidelity can be briefly summarized. Reese's home at 3524 Avenue H in Galveston, Texas, was damaged by flooding during Hurricane Ike. At the time, Reese's property was covered by a Standard Flood Insurance Policy issued by Fidelity with a policy limit of $162,000.00, less deductibles. Fidelity, on December 2, 2008, paid Reese approximately $68,500.00 pursuant to her original Proof of Loss. Reese filed a second Proof of Loss one day before the filing deadline of August 7, 2008. Reese's second Proof of Loss sought payment of $162,000.00 without any credit given for the prior payment. The second Proof of Loss however, was submitted "with absolutely no documentation" to support Reese's claim.

As Fidelity points out, in the absence of supporting documentation adequate to permit Fidelity to reasonably evaluate the merits of her claim, Reese failed to comply with the documentation requirement of the policy. Durkin v. State Farm Mutual Insurance Co., 3 F.Supp. 2d 724, 727-728 (E.D. La. 1997) *aff'd*, 141 F.3d 1163 (5th Cir. 1998) ("In addition to the proof of loss requirement, the SFIP requires claimants to submit documented verification of the amount being claimed.") Here, Reese's failure to even attempt to document her claim is undisputed and provides sufficient grounds to establish Fidelity's entitlement to summary judgment.

It is, therefore, the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 10) of Defendant, Fidelity National Property and Casualty Insurance Company, is **GRANTED** and the Amended Complaint of Plaintiff, Gracie Reese, is **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ____9th____ day of September, 2014.

                                                  _____
                                                  John R. Froeschner
                                                  United States Magistrate Judge